■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN SCANLON, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated March 9, 1977, which, after a hearing, granted the defendant's motion to suppress certain physical evidence and inculpatory statements of the defendant. Order reversed, on the law and the facts, and motion to suppress denied. At approximately 1:00 A.M. on April 29, 1976, Police Officer Maggio, observing the defendant driving a 1972 Chevrolet in an erratic manner on 42nd Street near 28th Avenue in Queens County, stopped him and asked him to produce his license and registration. Attempting to co-operate, the defendant voluntarily alighted from the vehicle. At that point a black leather folder fell, open face, to the floor of the car, in front of the brake pedal, revealing the presence therein of an automobile license and registration. When asked whose license and registration were in the folder the defendant replied he did not know. The defendant produced his driver's license but no registration. He explained that the car belonged to his brother-in-law, who had given him permission to drive it. Officer Maggio then picked up the folder and ascertained that both the license and registration contained therein were in the name of one Margaret McBride. The defendant was escorted to the stationhouse for further investigation. Police investigation then revealed that the McBride vehicle, a 1975 Chevrolet, had been stolen several hours earlier and that the subject folder (and its contents) had been in the vehicle at the time of the theft. Officer Maggio then placed the defendant under arrest and advised him of his constitutional rights. The defendant then confessed to the theft of the McBride vehicle. The hearing court suppressed the physical evidence, namely, the black folder and its contents, as violative of the defendant's Fourth Amendment rights. The court reasoned that: "At the time the police officer seized the black folder from the floor of the vehicle, probable cause did not exist to justify such seizure. The police officer testified that he removed the black folder from the vehicle before he knew the defendant would be unable to produce a proper registration for the vehicle that he was driving. Furthermore, the presence of the license and registration on the floor of the vehicle did not give rise to any suspicion of criminality." The

subsequent confession of the defendant made at the police station was suppressed under the "fruit of the poisonous tree" doctrine. We disagree with the hearing court's determination both on the law and the facts. A careful analysis of Officer Maggio's testimony concerning the black folder, lying in open view on the floor of the defendant's automobile, makes it clear that it was examined by the officer after the defendant failed to produce a registration for the car and at a time when the defendant, in response to a proper inquiry, had replied that he "did not know who the other license and registration [in the folder] belonged to". The defendant's inability to produce the vehicle registration for the car he was operating, coupled with his admitted failure to know in whose name the automobile license and registration which had fallen to the floor of the car were registered, provided the police officer with sufficient reason to inspect them. Under the circumstances the motion to suppress was improperly granted. The order should therefore be reversed and the motion denied in its entirety. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.